# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN ROMO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:25-cv-01377-KES-SAB-HC<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 16, 2025, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 3.) On November 6, 2025, Petitioner was released from Respondents' custody. (ECF Nos. 18, 19.) On December 8, 2025, the assigned district judge referred the petition and the motion for TRO to the undersigned for preparation of findings and recommendations and/or other appropriate action. (ECF No. 20.)

On December 11, 2025, the Court ordered the parties to submit a joint statement regarding mootness issues, case management, and any proposed briefing schedule. (ECF No. 21.) On December 15, 2025, the parties submitted a joint statement. (ECF No. 22.) Therein, Petitioner "requests leave to amend the petition by January 16, 2026, to integrate the fact that she was released, the conditions of her release, and request an order enjoining Respondents from re-

1

detaining her unless they can show a material change in circumstances sufficient to permit her detention" (ECF No. 22 at 3.) On the other hand, "Respondents continue to request that this Court dismiss the petition and deny the motion for a temporary restraining order as moot, because the Petitioner has received Due Process according to the procedures in Immigration Court, and she was released on bond by the immigration judge in the immigration proceedings." (Id.)

Federal Rule of Civil Procedure 15 provides that no later than twenty-one days after service of a responsive pleading or a motion to dismiss, a "party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Accordingly, the Court HEREBY ORDERS:

1. On or before January 16, 2026, Petitioner may file a First Amended Petition ("FAP").

2. Within **FORTY-FIVE (45) days** of the date the FAP is filed in CM/ECF, Respondents SHALL FILE a RESPONSE to the FAP. A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the FAP. Any argument by Respondents that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the FAP.

3. Within **FORTY-FIVE (45) days** of the date the FAP is filed in CM/ECF, Respondents SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the FAP. See Rule 5(c), Rules Governing Section 2254 Cases.[1] **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondents shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

4. If Respondents file an Answer to the FAP, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the FAP and Answer are deemed submitted at the expiration of the thirty days.

5. If Respondents file a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date of service of Respondents' Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **FOURTEEN (14) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **December 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3