# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN ROMO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:25-cv-01377-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(ECF Nos. 3, 24) |

Petitioner, represented by counsel, is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States from Mexico when she was thirteen years old on or about August 5, 2022 after she was waved through the border by a Customs and Border Patrol agent while traveling in the car of a person she did not know. Petitioner came to the United States to reunite with her parents. Petitioner is married to a U.S. citizen and has two U.S. citizen children. Petitioner's husband filed a Form I-130 petition with U.S. Citizenship and Immigration Services ("USCIS"), which approved the petition on October 26, 2017. Petitioner then filed a Form I-485 application to adjust status to lawful permanent residence. On June 20, 2025, Petitioner attended a biometrics appointment to take her

fingerprints. On October 8, 2025, Petitioner and her immigration attorney attended a scheduled adjustment of status interview at the USCIS Fresno field office. (ECF No. 24 at 2.[1]) After the interview ended, the USCIS officer asked Petitioner to wait for a few minutes. U.S. Immigration and Customs Enforcement ("ICE") officers then entered the office and arrested Petitioner. Petitioner was not informed of why she was being arrested. The ICE officers gave Petitioner a notice to appear ("NTA"). (Id. at 3.)

On October 16, 2025, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO") challenging her immigration detention. (ECF Nos. 1, 3.) In the opposition to the motion for TRO filed on October 22, 2025, Respondents stated that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and eligible for a bond hearing. (ECF No. 9.) At the initial master calendar hearing on October 27, 2025,

On November 3, 2025, an immigration judge held a bond hearing and released Petitioner on a $2,500 bond. (ECF Nos. 15, 16.) The petition and motion for TRO were referred to the undersigned "for the preparation of findings and recommendations and/or other appropriate action." (ECF No. 20.) On January 16, 2026, Petitioner filed a first amended petition ("FAP"). To date, no response to the FAP has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Jurisdiction

The Court has "an 'independent obligation' to consider" mootness and standing sua sponte. ACLU of Nevada v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002)). Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "For a habeas petition to continue to present a live controversy after the petitioner's release. . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "[A] case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017).

"[W]e assess [Petitioner]'s standing for prospective injunctive relief as of the time when [s]he commenced suit, relying on the allegations in the operative amended complaint." Gonzalez v. United States Immigr. & Customs Enf't, 975 F.3d 788, 803 (9th Cir. 2020) (citing S. Utah Wilderness Alliance v. Palma, 707 F.3d 1143, 1153 (10th Cir. 2013)). Here, the FAP requests the Court "[o]rder that Respondents remove the GPS ankle monitor that was placed on her leg after her release and that no further restraint or supervision be required of Petitioner without first giving Petitioner notice and an opportunity to be heard on why such restraint or supervision should not be required" and "[e]njoin Respondents from re-detaining Ms. Romo unless her re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that she is a flight risk or danger to the community." (ECF No. 24 at 15.) At the time Petitioner commenced suit, she was in immigration detention, and although Petitioner has since been released, she seeks injunctive relief that may be redressed by success on the FAP. Accordingly, the Court recommends finding that Petitioner has standing and the FAP is not moot.

**B. Procedural Due Process**

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release." Garro Pinchi v. Noem, 813 F. Supp. 3d 973, 1034 (N.D. Cal. 2025) (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)).

"Other courts, including this Court, have held similarly." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT-SKO, 2025 WL 3523108, at *10 (E.D. Cal. Dec. 9, 2025) (citing Doe v. Becerra, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025)). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025).

Further, this Court has previously found that a noncitizen released from custody pending removal proceedings is entitled to a pre-deprivation bond hearing where the government must prove that she is a flight risk or danger to the community by clear and convincing evidence. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). Accordingly, the Court recommends enjoining Respondents from re-detaining Petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that she is a flight risk or a danger to the community.

The FAP also requests the Court to "[o]rder that Respondents remove the GPS ankle monitor that was placed on her leg after her release and that no further restraint or supervision be required of Petitioner without first giving Petitioner notice and an opportunity to be heard on why such restraint or supervision should not be required." (ECF No. 24 at 15.) In light of Respondents' failure to oppose the FAP, the Court recommends granting Petitioner's request to order Respondents to remove the GPS ankle monitor. See E.E.O.H. v. Noem, No. 1:26-CV-01266-JLT-SAB-HC, 2026 WL 850363 (E.D. Cal. Mar. 26, 2026), report and recommendation adopted, 2026 WL 967670 (E.D. Cal. Apr. 9, 2026) (ordering immediate release "without

imposing any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing" for petitioner who entered without inspection and was not detained, filed an application for asylum for which he had to appear for fingerprinting and background checks, obtained work authorization, and was detained while working at a construction site).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The first amended petition for writ of habeas corpus (ECF No. 24) be GRANTED on the second claim for relief.
2. Petitioner's motion for temporary restraining order (ECF No. 3) be DENIED as moot.
3. Respondents be directed to remove Petitioner's GPS ankle monitor.
4. Respondents be enjoined and restrained from imposing additional restrictions on Petitioner unless that is determined to be necessary at a later custody hearing.
5. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge